**Mary Jo PEARSON Appellant–Defendant,**

v.

**Kenneth D. BARTLETT Appellee–Plaintiff.**

No. 49A02–9010–CV–577.[1]

Court of Appeals of Indiana, First District.

Sept. 16, 1991.

1. This case was diverted to this office by direction of the Chief Judge.

Richard A. Mann, David D. Deeter, Mann & Deeter, Indianapolis, for appellant-defendant.

James L. Tuohy, John S. (Jay) Mercer, Wood Tuohy Gleason Mercer & Herrin, Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Mary Jo Pearson, a candidate for the Board of Education of the Metropolitan School District of Decatur Township, Marion County, Indiana (MSD Decatur), appeals an order of the Marion Circuit Court affirming the report of its recount commission. The commission declared appellee Bartlett to be a winner and Pearson to be a nonwinner of an elected position on the school board.

We affirm.

The MSD Decatur School Reorganization Plan vests control of the school system in a non-partisan board of school trustees composed of five members. Members are elected for four-year terms from three school board member residence districts which are nearly equal in population with at least one elected member from each district and not more than two members from any one district.

In the election at issue, which was held on May 8, 1990, five candidates ran for three positions, the school district having filled the remaining two positions with candidates from districts one and two in 1988. Shirley Ann Helfers ran unopposed from district one. Appellant Pearson was one of two candidates from district two while appellee Bartlett and another candidate endeavored to represent district three. The ballot, which contained only the nominees for school board, directed the voter not to vote for more than three candidates and specifically instructed the voter not to vote for more than one candidate in district one or two. A voter could vote for both candidates from district three. A critical number of ballots contained votes for both candidates in district two and appellee Bartlett.

In considering a given ballot, ballots which contained four or more votes were rejected because they conflicted with the ballot's clear instructions to the voter to vote for only three candidates. In addition, the recount commission did not count votes for either Pearson or her opponent from district two if the voter voted for both candidates. However, the remaining vote on the ballot, if otherwise valid, was counted. These rulings caused Bartlett to move ahead of Pearson by 32 votes.

Pearson maintains that Ind.Code 20–4–1–26.4(g) directs the commission to disregard the entire ballot if a voter voted for both candidates in district two. Bartlett, on the other hand, relies upon I.C. 3–12–1–1 [2] which states that the primary factor to be considered in determining a voter's choice on a ballot is the voter's intent, if that intent can be determined on the ballot or *on part of the ballot*. Since the recount commission excluded all of the ballots which contained four or more votes, one can safely conclude that with respect to the remaining, disputed ballots, the voter in-

---

[2] Legislation of similar intent has existed in this state at least since 1897, *see Borders v. Williams* (1900), 155 Ind. 36, 57 N.E. 527, but the policy of giving effect to the voter's intent if it can be determined has also become one of common law. *See Roberts v. Drake* (1933), 205 Ind. 425, 185 N.E. 285.

tended to cast one of his or her three votes for Bartlett. Accordingly, we direct our attention to I.C. 20–4–1–26.4 which provides in relevant part:

(e) ... Voting and tabulation of votes shall be conducted in the same manner as voting and tabulation in primary elections are conducted. The precinct election boards serving at each primary election in each county shall conduct the election for school board members.

(g) ... [N]ominees for the board of school trustees shall be placed on the ballot in the form prescribed by IC 3–10–1–19 or IC 3–11–2, by residence districts without party designation. The ballot must state the number of members to be voted upon and the maximum number that may be elected from each residence district as provided in the plan. *A ballot is not valid where more than the maximum number are voted upon from a board member residence district.* Candidates having the greatest number of votes are elected. However, if more than the maximum number that may be elected from a residence district are among those having the greatest number of votes, the lowest of those candidates from the residence districts in excess of the maximum number shall be eliminated in determining the candidates who are elected.

Pearson's construction of I.C. 20–4–1–26.4(g), that the subsection explicitly requires the recount commission to exclude each individual ballot if a voter casts votes for more candidates than can be elected from a board member residence district, would create an irreconcilable conflict between the single sentence contained in this section and I.C. 3–12–1–1, a provision of election law which the legislature has expressly made applicable to "school district elections in which the electorate of a school district chooses by ballot members of the school board." I.C. 3–5–1–2(4). Moreover, Pearson's interpretation would modify the legislature's earlier directive that the tabulation of votes be conducted as in primary elections, in other words, in accord with Title 3.

We need not assume that by use of the word "where" the legislature intended to convey the idea that a ballot is invalid in the case or situation in which more than the maximum number are voted upon by a voter. A reasonable, alternative interpretation of the sentence, which is consistent with the explicit instruction that tabulation be conducted as in primary elections, is simply that a ballot is invalid "where" i.e., in the place at which, more than the maximum number are voted upon by members of the electorate. This latter interpretation has the virtue, in the absence of an unmistakable declaration by the legislature to the contrary, of preventing the disenfranchisement of those voters who apparently have made an honest effort to comply with the law and whose choice can be clearly ascertained. After all, "it is purity of election and a free and honest expression of the voters' will that is aimed at" by this type of legislation. *Borders v. Williams* (1900), 155 Ind. 36, 43, 57 N.E. 527.

For these reasons, we agree with the recount commission and the trial court that the disputed ballots were properly tallied for Bartlett but not for Pearson and her opponent. The judgment of the trial court is therefore affirmed.

Judgment affirmed.

SHIELDS and GARRARD, JJ., concur.